IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JOSEPH THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:20-CV-112-MHT |
| | ) | [WO] |
| OFFICER ISLER, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

### I.  INTRODUCTION

This case is before the court on a 42 U.S.C. § 1983 complaint and amendments thereto filed by Joseph Thompson ["Thompson"], an  indigent inmate incarcerated at the Houston County Jail in Dothan, Alabama. Thompson challenges a lack of medical treatment following an incident involving a use of force on February 5, 2020. Thompson seeks damages for injuries he sustained during the altercation. Doc. 1 at 4.

### II.  DISCUSSION

Upon initiation of this case, Thompson filed a motion for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a).  Doc. 2.  However, 28 U.S.C. § 1915(g) directs that a prisoner may not bring a civil action or proceed on appeal *in forma pauperis* if he "has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious

physical injury."[1] 28 U.S.C. § 1915(g). Consequently, an inmate in violation of the "three strikes" provision of § 1915(g) who is not in "imminent danger" of suffering a serious physical injury must pay the filing fee upon initiation of his case.  *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).  "The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status."  *Id*.

Court records establish that Thompson, while incarcerated or detained, has on at least three or more occasions had civil actions and/or appeals dismissed as frivolous, as malicious, for failure to state a claim, and/or for asserting claims against defendants immune from suit under 28 U.S.C. § 1915.[2] The cases on which this court relies in finding a § 1915(g) violation by Thompson include: (1) *Thompson v. Reeves,* Case No. 3:11-CV-288-ID-SRW (M.D. Ala. 2011) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(ii)); (2) *Thompson v. Taylor,* Case No. 3:11-28-WHA-SRW (M.D. Ala. 2011) (dismissing appeal as frivolous); (3) *Thompson v. Lamberti*, Case No. 0:10-CV-62479-CMA (S.D. Fla. 2011) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(ii)); (4) *Thompson v. Upshaw*, Case No. 2:09-CV-210-TMH-SRW (M.D. Ala. 2009) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); and (5) *Thompson v. Barbour County*

---

[1] In *Rivera v. Allin*, 144 F.3d 719, 731, *cert. denied*, 524 U.S. 978, 119 S.Ct. 27 (1998), the Court determined that the "three strikes" provision of 28 U.S.C. § 1915(g), which requires frequent filer prisoner indigents to prepay the entire filing fee before federal courts may consider their cases and appeals, "does not violate the First Amendment right to access the courts; the separation of judicial and legislative powers; the Fifth Amendment right to due process of law; or the Fourteenth Amendment right to equal protection, as incorporated through the Fifth Amendment."  The Court further determined that the language of § 1915(g) makes it clear that the three strikes provision applies to claims dismissed prior to the effective date of the PLRA and, therefore, does not violate the Ex Post Facto Clause.  *Id*. at 728-730; *Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999).  In *Jones v. Bock*, 549 U.S. 199, 216 (2007), the Supreme Court abrogated *Rivera* but only to the extent it compelled an inmate to plead exhaustion of remedies in his complaint as "failure to exhaust is an affirmative defense under the PLRA . . . and inmates are not required to specifically plead or demonstrate exhaustion in their complaints."

[2]  This court may take judicial notice of its own records and the records of other federal courts.  *Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009); *United States v. Rey*, 811 F.2d 1453, 1457 n.5 (11th Cir.  1987); *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)

*Sheriff's Dept.*, Case No. 2:08-CV-932-TMH-SRW (M.D. Ala. 2009) (dismissing complaint under 28 U.S.C. § 1915(e)(2)(B)(i)).

In the complaint, Thompson challenges a use of force by jailers which occurred on February 5, 2020, delayed medical care for injuries sustained during the altercation,[3] verbal threats of abuse if he divulged the February 5 incident to the courts, and an instance of alleged food tampering. Doc. 1.  Thompson alleges in an amendment to the complaint a complete denial of medical care for injuries sustained during the altercation, a denial of medication, and a failure to provide x-rays or CAT scans. Doc. 4.

The medical records filed by Johnson as an amendment to the complaint and amendment thereto belie his claims regarding a complete denial of medical treatment and medication as these records show he has access to medical treatment via the sick call process, has access to prescribed medication via established jail pill call procedures, is seen regularly by medical personnel for chronic healthcare conditions, and has been examined by jail health care personnel regarding various health issues. The medical records reflect medical personnel have treated Thompson in accordance with their professional judgment, including placement on suicide watch for his reports of suicidal thoughts, examination and treatment for injuries from an altercation with deputies, regular examination and treatment for chronic health conditions, and prescriptions for various medications to treat his health conditions. Doc. 6 at 2–7, Doc. 6-1 at 1–8.

After a thorough review of the complaint and amendments thereto, the court concludes these pleadings fail to demonstrate Thompson was "under imminent danger of serious physical injury" when he filed this cause of action as required to meet the exception to application of 28 U.S.C. § 1915(g). *Medberry v. Butler,* 185 F.3d 1189, 1193 (11th Cir. 1999) ((holding that a

---

[3] Thompson describes the injuries he received as a broken nose, a fractured finger, and a swollen eye from being kicked in the face. Doc. 1 at 3.

prisoner who has filed three or more frivolous lawsuits or appeals and seeks to proceed *in forma pauperis* must present facts sufficient to demonstrate "imminent danger" to circumvent application of the "three strikes" provision of 28 U.S.C. § 1915(g)). "A plaintiff must provide the court with specific allegations of present imminent danger [at the time the action is filed] indicating that a serious physical injury will result if his claims are not addressed." *Abdullah v. Migoya*, 955 F. Supp.2d 1300, 1307 (S.D. Fla. 2013); *May v. Myers*, 2014 WL 3428930, at *2 (S.D. Ala. July 15, 2014) (holding that, to meet the exception to application of § 1915(g)'s three strikes bar, the facts in the complaint must show that the plaintiff "was under 'imminent danger of serious physical injury' at the time he filed this action.").

Based on the foregoing and Thompson's failure to pay the requisite filing and administrative fees upon initiation of this case, the court concludes this case is due to be summarily dismissed without prejudice. *Dupree*, 284 F.3d at 1236 (emphasis in original) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when [an inmate is not entitled] to proceed *in forma pauperis* [due] to [violation of] the provisions of § 1915(g)" because the prisoner "must pay the filing fee at the time he *initiates* the suit."); *Vanderberg v. Donaldson*, 259 F.3d 1321, 1324 (11th Cir. 2001) (holding that "[a]fter the third meritless [and/or malicious] suit, the prisoner must pay the full filing fee at the time he initiates the suit.").

## III.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1.   The motion for leave to proceed *in forma pauperis* filed by Plaintiff (Doc. 2) be DENIED.

2.   This case be DISMISSED without prejudice for Plaintiff's failure to pay the full filing fee upon initiating this case.

It is

ORDERED that on or before **April 27, 2020**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the factual findings and legal conclusions in the Magistrate Judge's Recommendation to which Plaintiff objects.  Frivolous, conclusive or general objections will not be considered by the District Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993);  *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 13th day of April 2020.

 /s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE